LADIES LITERARY CLUB v CITY OF GRAND RAPIDS

Docket No. 78-4667. Submitted June 14, 1979, at Grand Rapids.—
Decided September 20, 1979. Leave to appeal applied for.

Ladies Literary Club petitioned the Tax Tribunal for an exemp-
tion from real property taxes assessed by the City of Grand
Rapids. The exemption was sought on the basis that the Club
qualified under the provision of the general property tax act
which affords an exemption to real estate owned and occupied
by an organization that operates as a nonprofit theater, library
or benevolent, charitable, educational or scientific institution.
The Tax Tribunal affirmed the assessment, holding that Ladies
Literary Club had not met its burden of proving that it quali-
fied for the exemption. Ladies Literary Club appeals. *Held:*

Ladies Literary Club has a broad scope of theatrical, library,
benevolent, charitable and educational functions which confers
a significant impact on a large urban area. Ladies Literary
Club merits an exemption under the exemption provisions of
the general tax act. The fact that Ladies Literary Club also has
general social activities and does not fit neatly into any of the
exclusive categories of the exemption provisions does not mean
that the Club is not entitled to the exemption.

Reversed and remanded.

1. TAXATION — PROPERTY TAXES — EXEMPTIONS — CHARITABLE ORGA-
NIZATIONS — EDUCATIONAL INSTITUTIONS — STATUTES.

A qualification for an exemption from real property taxes under
the general property tax law as a charitable, educational or
benevolent organization, requires that the group seeking the
exemption must show: (1) ownership and occupancy of the real
estate claimed as exempt, (2) organization as a nonprofit thea-
ter, library, or benevolent, charitable, educational or scientific
institution, (3) incorporated within the laws of the State of
Michigan, and (4) occupancy of the real estate for the purposes
for which the tax exemption claimant was incorporated (MCL
211.7[d]; MSA 7.7[d]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation §§ 362, 363, 365, 366, 368.
[2] 71 Am Jur 2d, State and Local Taxation §§ 365, 366, 368.

2. Taxation — Property Taxes — Exemptions — Charitable Orga-
   nizations — Educational Institutions — Statutes.

 Real property owned and occupied by an organization which
 through its broad scope of theatrical, library, benevolent, chari-
 table and educational functions confers a significant impact on
 a large urban area and which exists only to make this distinct
 and significant contribution to the public welfare is statutorily
 exempt from taxation under the provision of the general prop-
 erty tax law which grants an exemption for real estate or
 personal property owned and occupied by nonprofit theater,
 library, or benevolent, charitable, educational, or scientific
 institutions (MCL 211.7[d]; MSA 7.7[d]).

*Warner, Norcross & Judd* (by *John H. Logie),* for
plaintiff.

*Daniel A. Ophoff* and *Michael D. McGuire,* As-
sistants City Attorney, for defendant.

Before: D. F. Walsh, P.J., and M. J. Kelly and
E. F. Oppliger,\* JJ.

E. F. Oppliger, J. Plaintiff appeals a November
15, 1978, opinion and order of the Michigan Tax
Tribunal affirming a tax assessment against plain-
tiff's real property in the City of Grand Rapids.
The Tax Tribunal held that the plaintiff had not
met its burden of proving that it qualifies for
exemption from real property tax under MCL
211.7(d); MSA 7.7(d). The principal issue on appeal
is whether an organization whose purposes cover a
wide spectrum of civic, literary, educational and
charitable activities may qualify for the statutory
exemption from property tax. We hold that it may,
reversing the decision of the Tax Tribunal.

The plaintiff organization began as a history
class in 1869, formed as a study group for reading,
writing and the discussion of cultural and civic

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

matters. In 1870 the members formed the Ladies Library Association. By 1875, lectures were being scheduled on literature, art, music and current events. The present clubhouse, the subject matter of this litigation, was built in Grand Rapids in 1887, and is now a national and state historic site. Facilities in the clubhouse include an auditorium, a small library and nursery.

The Club operates on a volunteer basis, without grants from any governmental unit, funded principally by donations and a $25 annual membership fee. It currently operates a program of lectures, classes and workshops in many areas of interest, providing transportation and nursery care for the children of members. The Club is deeply involved in the greater Grand Rapids community in charitable, fund raising and educational programs spanning broad areas from Black Theatre to Shakespeare; from flower shows to public television fund drives. Its members and the general public enjoy a rich and varied cultural benefit from its existence.

In giving meaning to the statutory exemption, courts have evolved a four-part test based upon the statute. MCL 211.7(d); MSA 7.7(d). The statute reads:

"211.7 Property exempt from taxation

"Sec. 7. The following property is exempt from taxation under this act:

\* \* \*

"(d) Real estate or personal property as shall be owned and occupied by nonprofit theater, library, benevolent, charitable, educational, or scientific institutions and memorial homes of world war veterans incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which the institutions were incorporated."

Thus, in order to qualify for exemption the plaintiff must show: (1) Ownership and occupancy of the real estate claimed as exempt, (2) Organization as a nonprofit theater, library, or benevolent, charitable, educational or scientific institution, (3) Incorporated within the laws of the State of Michigan, and (4) Occupancy of the real estate for the purposes for which the tax exemption claimant was incorporated. *Engineering Society of Detroit v Detroit,* 308 Mich 539, 550; 14 NW2d 79 (1944).

The Tax Tribunal found, and we agree, that the plaintiff has library, educational, scientific, charitable and benevolent functions. We do not agree, however, with the proposition that, because the Ladies Literary Club has general social activities as well and does not fit neatly into any of the exclusive categories under the statute, it is not entitled to an exemption. To read the statute so narrowly would obviously frustrate the intent of the Legislature. Here, as in *National Music Camp v Green Lake Twp,* 76 Mich App 608, 257 NW2d 188 (1977), a narrow reading of the legislation, appropriate a half century ago, would be invalid today. Education, even in a traditional sense, does not stop with an end to formal schooling. The broad scope of the Ladies Literary Club's theatrical, library, benevolent, charitable and educational functions confers a significant impact on a large urban area. This enables citizens, without regard to wealth or status, to partake of important cultural activities otherwise denied the populace at large. By whatever statutory category—theater, library, benevolent, charitable or educational—the Ladies Literary Club merits exemption under the statute. As the plaintiff organization exists *only* to make this distinct and significant contribution to the public welfare, we find that it is statutorily

exempt from real property taxation. As the Massachusetts Court has eloquently said:

"The purposes described in the plaintiff's charter are neither contrary to law nor opposed to morality. It has aided in the relief of the destitute, made gifts to the public schools, assisted in the establishment of a public library, and in the maintenance of a boys' club for industrial work and a sewing class for girls. The plaintiff also has contributed money for the promotion of historical research, the preservation of historical sites, and has inculcated patriotism by perpetuating the memory of the men and women who were instrumental in achieving our independence. If the means employed are somewhat diversified and elaborate, the ends served are wholly beneficial to the community. The diffusion of knowledge, the relief of the poor, the fostering of love of country and of respect for our civil institutions, all tend to raise the standard and improve the quality of citizenship, and not only relieve the burdens of government but advance the public good." *Molly Varnum Chapter, DAR, v City of Lowell,* 204 Mass 487, 493-494; 90 NE 893 (1910).

Reversed and remanded to the Tax Tribunal for further proceedings consistent with this opinion. No costs, a public question being involved.